# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

ANDREA McGRIFF, DAVID McGRIFF, and R███ M███████, a minor, by and through her parents and next friends, ANDREA McGRIFF and DAVID McGRIFF,

CASE NO.: 2018-CA-3870

DIVISION: CV-H

Plaintiffs,

vs.

JOHNS-GAMEWELL, LLC, ESTATES OF NC, LLC, and THE COVES MOUNTAIN RIVER COMMUNITY ASSOCIATION, INC., a/k/a The Coves Mountain River Club Community Association, Inc., f/k/a The Coves at Round Mountain Community Association, Inc.,

Defendants.
_____/

## COMPLAINT

Plaintiffs ANDREA McGRIFF (hereinafter sometimes "ANDREA"), DAVID McGRIFF (hereinafter sometimes "DAVID"), and R███ M███████, a minor, by and through her parents and next friends ANDREA McGRIFF and DAVID McGRIFF (hereinafter sometimes "RILEY"), sue JOHNS-GAMEWELL, LLC, (hereinafter sometimes "GAMEWELL"), ESTATES OF NC, LLC, (hereinafter sometimes "ESTATES"), and THE COVES MOUNTAIN RIVER COMMUNITY ASSOCIATION, INC., a/k/a The Coves Mountain River Club Community Association, Inc., f/k/a The Coves at Round Mountain Community Association, Inc., (hereinafter sometimes the "ASSOCIATION"), and state:

### JURISDICTION AND VENUE

1. Plaintiff ANDREA McGRIFF is *sui juris* and at all material times has been a resident of Duval County, Florida.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 3 of 17 PageID 16

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 2

2. Plaintiff DAVID McGRIFF is *sui juris* and at all material times has been a resident of Duval County, Florida.

3. Plaintiff R███ M███ is a minor and at all material times has been a resident of Duval County, Florida.

4. Defendant JOHNS-GAMEWELL, LLC, is and at all material times has been a North Carolina limited liability company, with corporate offices located in Duval County, Florida.

5. Defendant ESTATES OF NC, LLC, is and at all material times has been a North Carolina limited liability company, with corporate offices located in Duval County, Florida.

6. Defendant THE COVES MOUNTAIN RIVER COMMUNITY ASSOCIATION, INC., a/k/a The Coves Mountain River Club Community Association, Inc., f/k/a The Coves at Round Mountain Community Association, Inc., is and at all material times has been a North Carolina corporation with its principal office in Duval County, Florida.

7. GAMEWELL has two members, one of which is a Florida limited liability company that is, and at all material times has been, located in Duval County, Florida; specifically, Caldwell Mountain Side, LLC (hereinafter "Caldwell").

8. Caldwell is also the sole member of ESTATES.

9. GAMEWELL, ESTATES, the ASSOCIATION, and Caldwell have at all material times all shared the same corporate address in Duval County, Florida, to wit: 9995 Gate Parkway, Suite 400, Jacksonville, Florida.

10. At all times relevant to this action, Nikolaos Kavalieros, a/k/a Nick Kavalieros (hereinafter "Kavalieros") has been an officer, director, and/or manager of GAMEWELL and ESTATES, or has otherwise been authorized to act on behalf of GAMEWELL and ESTATES.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 4 of 17 PageID 17

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 3

11. Kavalieros and his wife, Lisa Kavalieros, are the sole managers of Caldwell.

12. At all times relevant to this action, Kavalieros and Lisa Kavalieros have been citizens of Florida and residents of Duval County, Florida.

13. At all times relevant to this action, Timothy Ritch, a/k/a Tim Ritch (hereinafter "Ritch") has been an officer, director and/or manager of GAMEWELL, ESTATES and the ASSOCIATION, or has otherwise been authorized to act on behalf of GAMEWELL, ESTATES and the ASSOCIATION.

14. At all times relevant to this action, Ritch was a resident of Duval County, Florida.

15. At all material times, GAMEWELL and ESTATES have promoted themselves as having their base of operations located in Jacksonville, Duval County, Florida. For instance, the website for the gated community known as the Coves Mountain River Club, f/k/a the Coves at Round Mountain (see ¶¶ 19-25 below), describes the "visionary with a desire to bring all of this together for you is The Coves developer, Tim Ritch and his Jacksonville, Florida based Development Team," and further states that Ritch moved to Florida in 2007 for the dual purpose of starting a development company and being close to family. (*See* www.thecovesnc.com/about-the-coves)

16. Furthermore, GAMEWELL and ESTATES executed many of the deeds for properties located in the Coves Mountain River Club, f/k/a the Coves at Round Mountain, in Duval County, Florida.

17. Defendants are subject to the jurisdiction of Florida courts because Defendants:

   A. Operate, conduct, engage in, or carry on a business or business venture in this state; for instance, by executing numerous deeds in Duval County, Florida, for the sale of

Case 3:18-cv-01468-HES-MCR Document 1-1 Filed 12/11/18 Page 5 of 17 PageID 18

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 4

real properties located in the Coves Mountain River Club, f/k/a the Coves at Round Mountain;

B. Maintain offices in this state;

C. Hold themselves out to the public as having their base of operations in Florida;

D. Specifically target Florida residents as potential customers such that Florida residents make up a significant and higher-than-expected percentage of the buyers of properties in the Coves Mountain River Club, f/k/a the Coves at Round Mountain[1]; and

E. Are engaged in substantial and not isolated activity within this state.

18. Venue is proper in Duval County, Florida, because under §47.051, *Fla. Stat.*, actions against foreign corporations doing business in Florida shall be brought, *inter alia*, in a county where such corporation has an agent or representative.

19. Duval County, Florida, is the appropriate forum for this action because:

A. Each of the Defendants maintains an office in Duval County, Florida;

B. The ASSOCIATION lists its principal office as located in Duval County, Florida;

C. The vast majority of Plaintiff ANDREA's medical treatment and care has occurred and continues to occur in Duval County, Florida;

---

[1] A review of the deeds recorded in the Caldwell County, North Carolina Official Records shows that nearly 25% of the buyers from GAMEWELL and nearly 19% of the buyers from ESTATES had Florida addresses. According to UNC-Chapel Hill's Carolina Population Center, the largest sources of in-migrants to the state of North Carolina were Virginia, followed closely by Florida, South Carolina, and New York. Rebecca Tippett, *5 Facts to Know About Migration Between NC and Other States* (Jan. 9, 2018), *available at* http://demography.cpc.unc.edu/ 2018/01/09/5-facts-to-know-about-migration-between-nc-and-other-states/. As such, one would expect similar numbers of buyers in the Coves to be from Virginia, Florida, South Carolina, and New York. Instead, the number of Florida buyers far outstrips the number of buyers from the other three states. Buyers from Virginia, South Carolina, and New York comprised 5.4%, 2.7%, and 2.2% of GAMEWELL's buyers respectively, and 6.25%, 7.1%, and 7.1% of ESTATE's buyers, respectively.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 6 of 17 PageID 19

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 5

D. The majority of witnesses, including but not limited to, Plaintiffs and ANDREA's doctors and other medical and rehabilitation providers, are located in Duval County, Florida;

E. Due to ANDREA's injuries and ongoing medical treatment, travel to any other forum would present a hardship for Plaintiffs; and

F. Plaintiffs are entitled to a strong presumption against disturbing their initial forum choice. *Cortez v. Palace Resorts, Inc.*, 123 So.3d 1085, 1092 (Fla. 2013); *also see Telemundo Network Group, LLC v. Azteca International Corp.*, 957 So.2d 705, 709 (Fla. 3d DCA 2007) ("Dismissal of a case for forum non conveniens in cases where a domestic plaintiff is suing in its home forum should be granted only in 'unusually extreme circumstances' where the court is 'thoroughly convinced that material injustice is manifest.'") (quoting *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004)).

## GENERAL ALLEGATIONS

20. Between 2004 and 2007, GAMEWELL purchased large tracts of property in North Carolina for the purpose of developing the Coves Mountain River Club, then known as the Coves at Round Mountain, a gated community in the Blue Ridge Mountains (hereinafter the "Coves").

21. In 2006, GAMEWELL caused a Declaration of Covenants, Conditions and Restrictions for the Coves at Round Mountain (hereinafter the "Declaration") to be recorded in the Official Records of Caldwell County, North Carolina.

22. The Declaration provided for the creation of the ASSOCIATION.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 7 of 17 PageID 20
McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 6

23. Thereafter, GAMEWELL transferred some of the real property that comprised the Coves to ESTATES.

24. On January 16, 2014, ESTATES joined GAMEWELL as a declarant in executing the Second Amended and Restated Declaration of Covenants, Conditions and Restrictions for the Coves at Round Mountain (hereinafter the "Second Declaration"), which was recorded in the Official Records in and for Caldwell County, North Carolina on January 24, 2014.[2]

25. The Second Declaration provides in relevant part that:

A. Certain of the properties owned by GAMEWELL and ESTATES, which properties comprise the Coves, shall be designated as the "equestrian center" and include, *inter alia*, stables, bridle trails and related equestrian amenities (*see* §1.20);

B. The ASSOCIATION has the right to rent, lease or reserve the equestrian center to any unit owner (*see* §2.1(d));

C. GAMEWELL and ESTATES have the right to designate certain areas within the Coves as equestrian pathways (*see* §4.10); and

D. The ASSOCIATION is responsible for maintaining the equestrian trails and equestrian center (*see* §5.1(a)(ii)).

26. At all times relevant to this action, GAMEWELL and ESTATES marketed the Coves as an idyllic horse-friendly community, where residents and guests can take advantage of many amenities provided by the Coves, including the equestrian center known as Round Mountain Ranch, equestrian trails, and their on-site Equestrian Director and "horse whisperer" Mona Houston (hereinafter "Mona").

---

[2] A Third Amended and Restated Declaration of Covenants, Conditions and Restrictions for the Coves Mountain River Club was executed and recorded by GAMEWELL and ESTATES several months after the events described in this Complaint, at which time the name of the Coves development was changed from The Coves at Round Mountain to the Coves Mountain River Club.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 8 of 17 PageID 21

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 7

27. In March 2016, at the invitation of Kavalieros, the McGriff family and several family friends, traveled from Duval County, Florida, to the Coves, to stay at property in the Coves owned by Kavalieros.

28. On or about March 26, 2016, Kavalieros contacted Mona, who was at all material times including, but not limited to, March 26-27, 2016, the Coves' Equestrian Director, to make preliminary arrangements for a trail ride for ANDREA, DAVID, R▮▮▮ and the young son of their family friends, J.P. Dolan (hereinafter "J.P."), while they were staying at the Kavalieros' home at the Coves. At the time he made these preliminary arrangements with Mona, Kavalieros, as an officer, director, and/or manager of GAMEWELL and ESTATES, held a position of authority over Mona. Thereafter, DAVID followed up to schedule a trail ride for ANDREA, DAVID, R▮▮▮ and J.P., for the morning of March 27, 2016.

29. On March 27, 2016, ANDREA, DAVID, R▮▮▮ and J.P. arrived at Round Mountain Ranch, the Coves' equestrian center, and were met by Mona and her daughter, Samantha Houston (hereinafter "Samantha"), who was working that day with her mother at Round Mountain Ranch. Mona and Samantha thereupon prepared and tacked horses and assigned them to ANDREA, DAVID, R▮▮▮ and J.P.

30. ANDREA was assigned to a three-year-old black paint named Skippers Chrome Bar (hereinafter "Chrome").

31. At the time of the subject ride on March 27, 2016, Chrome had a visible, partially healed, 12-inch wound on his left hind leg.

32. While still at the stables, Mona and Samantha told ANDREA and DAVID that Chrome had been rescued from a family that wanted to euthanize Chrome.

Case 3:18-cv-01468-HES-MCR Document 1-1 Filed 12/11/18 Page 9 of 17 PageID 22

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 8

33. Immediately upon mounting Chrome, ANDREA began having trouble controlling him and was told by Mona that Chrome did not like the bit in his mouth and had previously only been "neck rein trained," a term with which ANDREA was unfamiliar at that time. Despite this, the bit was still used.

34. After ANDREA mounted Chrome, but before the ride began, Mona and Samantha witnessed Chrome throwing his head and behaving skittishly, and further saw that ANDREA was having a difficult time controlling Chrome.

35. ANDREA, DAVID, R█████ and J.P. were accompanied on the trail ride by Samantha, while Mona remained at the stables.

36. ANDREA continued to have difficulty controlling Chrome throughout the trail ride.

37. Samantha alternated between leading the trail ride and bringing up the rear, sometimes permitting the children to lead the group.

38. Approximately half a mile from the barn with Samantha in the rear of the group, the horses being ridden by the children, R█████ and J.P., who were leading the group, began to run.

39. Following the children's horses, Chrome also started to run.

40. ANDREA, DAVID and Samantha raised their voices, telling the children to say "whoa" to their horses.

41. ANDREA pulled back on the reins in an effort to cause Chrome to slow and stop.

42. Instead, Chrome went wild by spinning, bucking, and eventually throwing ANDREA from his back.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 10 of 17 PageID 23

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 9

43.     ANDREA landed violently on the ground in a seated position with her legs straight out in front of her.

44.     ANDREA immediately told DAVID and Samantha that she had felt her back break when she landed.

45.     The point on the trail where Chrome threw ANDREA had no cellular service, and Samantha had no other communication devices. After observing ANDREA's obvious pain and the apparent severity of her injuries, Samantha quickly left to get help at the barn and took all of the horses with her.

46.     Upon arriving at the barn, Samantha sought assistance from Mona.

47.     Samantha and Mona did not call 911 or otherwise seek emergency medical assistance using communications available at the barn. Instead, they both got into Samantha's SUV and drove as close to the site of the incident as possible and then hiked the rest of the way up the mountain to ANDREA, DAVID, R▮ and J.P. In doing so, Samantha and Mona failed to bring with them any effective means of communication or emergency medical treatment supplies.

48.     After quickly assessing ANDREA's condition, Mona first suggested building a litter (stretcher) from branches to move ANDREA. That idea was rejected, so Mona and Samantha decided to use a mat from Samantha's SUV to transport ANDREA by sliding and skidding her down the mountain to Samantha's SUV.

49.     The pain from the movement caused ANDREA to scream frequently and loudly while being transported. DAVID, R▮ and J.P. all observed ANDREA's obvious, excruciating pain, both at the site of the accident and while she was being transported for medical care.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 11 of 17 PageID 24

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 10

50. Samantha drove ANDREA, DAVID, R▮▮▮ and J.P. to a local fire station, where the firefighters placed the first 911 call regarding this incident and initiated medical attention for ANDREA.

51. The emergency responders took ANDREA to the local hospital, Caldwell Memorial Hospital, where ANDREA's injuries were assessed. Because ANDREA's injuries were too severe for treatment at Caldwell Memorial Hospital, she was transferred by ambulance to the trauma center at Carolina Medical Center in Charlotte for treatment, including emergency spinal surgery.

52. ANDREA suffered severe life-altering injuries, including but not limited to, a closed burst fracture of the T12 vertebra, a fractured sacrum, scarring, loss of motor function in her legs and feet, and use of a catheter and urine bag.

53. Since returning to Jacksonville, Florida, by air ambulance on March 31, 2016, ANDREA has continued to require significant, intensive, and ongoing medical care and treatment, including but not limited to, one month of inpatient care, rehabilitation, re-learning how to walk, outpatient physical therapy that continues to this day, multiple castings, and multiple past and possible future surgeries.

## COUNT I
### (Negligence/Gross Negligence)

54. Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 53, above.

55. This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees, court costs and interest.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 12 of 17 PageID 25

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 11

56. At all times material hereto, Mona and Samantha were employees and/or agents of GAMEWELL and/or ESTATES and/or the ASSOCIATION.

57. GAMEWELL, ESTATES and the ASSOCIATION, through their employees and/or agents Mona and Samantha, owed a duty of care to ANDREA to:

    A. Make reasonable and prudent efforts to determine the ability of ANDREA to safely manage Chrome;

    B. Protect ANDREA from those risks and dangers that are not inherent risks of equine activities; and

    C. Refrain from acts or omissions that constitute willful or wanton disregard for the safety of the participants in the trail ride, including ANDREA.

58. GAMEWELL, ESTATES and the ASSOCIATION, through their employees and/or agents Mona and Samantha, breached that duty by:

    A. Failing to make reasonable and prudent efforts to determine if ANDREA could safely manage Chrome;

    B. Failing to provide proper instruction to ANDREA on how to manage Chrome;

    C. Using a bit on a horse that was not properly bit-trained;

    D. Recklessly using an injured horse for a trail ride;

    E. Failing to provide ANDREA with a different, more suitable horse after observing ANDREA's difficulty managing and controlling Chrome;

    F. Failing to have an experienced trail guide lead the trail ride;

    G. Allowing children to lead the trail ride;

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 13 of 17 PageID 26

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 12

H. Failing to have adequate communications equipment or to otherwise promptly and timely call 911 or seek other emergency medical assistance;

I. Failing to have available proper medical, safety, and/or emergency equipment for use in an emergency situation; and

J. With a total lack of due care, improperly, wantonly, and recklessly moving and transporting ANDREA after she informed them and/or it was otherwise apparent that she had suffered a serious spinal injury.

59. As a direct and proximate result of the negligence and/or gross negligence and/or reckless conduct and/or wanton conduct of GAMEWELL, ESTATES and the ASSOCIATION, through their employees and/or agents Mona and Samantha, ANDREA suffered severe bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and ANDREA will suffer the losses in the future.

WHEREFORE Plaintiff ANDREA McGRIFF demands judgment against Defendants for damages, attorneys' fees (if awardable), court costs, interest and such other and further relief as this Court deems just and appropriate.

## COUNT II
### (Negligent Training)

60. Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 53, above.

61. This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees, court costs and interest.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 14 of 17 PageID 27

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 13

62. At all times material hereto, Mona and Samantha were employees and/or agents of GAMEWELL and/or ESTATES and/or the ASSOCIATION.

63. GAMEWELL, ESTATES and the ASSOCIATION owed a duty of reasonable care to ANDREA, DAVID, R███, J.P., and other trail riders in the training of their equestrian director and trail ride guides, specifically Mona and Samantha, which duty includes but is not limited to implementing proper trail ride procedures, the use of proper emergency procedures, utilizing proper equines, emergency medical equipment and the use thereof, emergency communications equipment, and first aid training.

64. GAMEWELL, ESTATES and the ASSOCIATION breached this duty by failing to implement or otherwise provide proper trail ride procedures and horses, emergency procedures, emergency medical equipment, emergency communications equipment, and first aid training.

65. GAMEWELL, ESTATES and the ASSOCIATION knew or should have known that trail ride procedures, emergency procedures, emergency medical equipment, emergency communications equipment and first aid training are reasonable and necessary for the safe and proper operation of a trail ride business and it was reasonably foreseeable that trail ride participants could require emergency assistance or first aid.

66. As a direct and proximate result of the negligent training and inadequate equipping of Mona and Samantha by GAMEWELL, ESTATES and the ASSOCIATION, ANDREA suffered significant bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and ANDREA will suffer the losses in the future.

Case 3:18-cv-01468-HES-MCR  Document 1-1  Filed 12/11/18  Page 15 of 17 PageID 28
McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 14

WHEREFORE Plaintiff ANDREA McGRIFF demands judgment against Defendants for damages, attorneys' fees (if awardable), court costs, interest and such other and further relief as this Court deems just and appropriate.

## COUNT III
### (Loss of Consortium)

67. Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 53, paragraphs 56 through 59, and paragraphs 62 through 66 above.

68. This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees, court costs and interest.

69. Plaintiff DAVID is and at all material times including March 27, 2016, has been the husband of Plaintiff ANDREA.

70. As a direct and proximate result of the above-described action and inactions of the Defendants, DAVID has been injured and suffered damage in the form of loss of consortium of his wife ANDREA, including the companionship and fellowship of husband and wife and the right of each to the company, cooperation and aid of the other in every conjugal relation, sexual relation and that of affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage, among other damages for which Defendants are liable.

WHEREFORE Plaintiff DAVID McGRIFF demands judgment against Defendants for damages, attorneys' fees (if awardable), court costs, interest and such other and further relief as this Court deems just and appropriate.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 16 of 17 PageID 29

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 15

## COUNT IV
### (Negligent Infliction of Emotional Distress)

71. Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 53, paragraphs 56 through 59, and paragraphs 62 through 66 above.

72. This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees, court costs and interest.

73. Plaintiff R█████ is the minor daughter of Plaintiffs ANDREA and DAVID.

74. Defendants committed negligent, grossly negligent or wanton acts, described above, that caused ANDREA to suffer immediate and long-term, severe and chronic, life-altering injuries.

75. R█████ personally witnessed and observed:

   A. The negligent, grossly negligent or wanton acts committed by the Defendants, which acts are set forth above;

   B. Her mother ANDREA's severe injuries;

   C. Her mother ANDREA screaming in pain and declaring that her back was broken; and

   D. Her mother ANDREA's extended and continuing recovery, including her mother's loss of motor function, numerous surgeries, castings and other treatment, as well as her mother's continuing and ongoing pain, suffering, loss of the ability to enjoy life and difficulties managing her day-to-day activities.

76. It was reasonably foreseeable that Defendants' negligent, grossly negligent or wanton conduct causing severe injury to ANDREA, would also cause ANDREA and DAVID's minor daughter R█████ to suffer severe emotional distress.

Case 3:18-cv-01468-HES-MCR   Document 1-1   Filed 12/11/18   Page 17 of 17 PageID 30

McGriff v. Johns-Gamewell, LLC, et al.
Complaint
Page 16

77. As a direct and proximate result of Defendants' negligent, grossly negligent or wanton acts, R▇ has suffered and continues to suffer from severe stress, activating or exacerbating her Crohn's disease with resulting extreme weight loss, pain and suffering, mental anguish, expense of medical care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and R▇ will suffer the losses in the future.

WHEREFORE Plaintiff R▇ M▇ a minor, by and through her parents and next friends ANDREA McGRIFF and DAVID McGRIFF, demands judgment against Defendants for damages, attorneys' fees (if awardable), court costs, interest and such other and further relief as this Court deems just and appropriate.

### JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

Date: June 8, 2018

SIEGEL HUGHES & ROSS

_____
BRENT G. SIEGEL
bsiegel@shrlawfirm.com
Fla. Bar No.: 349208
KRISTA L.B. COLLINS
kcollins@shrlawfirm.com
Fla. Bar No.: 826081
4046 W. Newberry Road
Gainesville, Florida 32607
Secondary Email Addresses:
knorman@shrlawfirm.com
bwilhite@shrlawfirm.com
ssiler@shrlawfirm.com
(352) 375-7700 / Fax: (352) 375-1080
Counsel for Plaintiffs