UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

vs.                                    CASE NO.:   3:18-CV-1468-J-20MCR

THE COVES MOUNTAIN RIVER
COMMUNITY ASSOCIATION, INC.,
JOHNS-GAMEWELL, LLC, ESTATES OF
NC, LLC, ANDREA MCGRIFF, DAVID
MCGRIFF, and R. M., a minor, by and
through her parents and next friends, Andrea
McGriff and David McGriff,

    Defendants.
_____/

## ANSWER

Defendants ANDREA McGRIFF, DAVID McGRIFF, and R. M., a minor, by and through her parents and next friends, Andrea McGriff and David McGriff (hereinafter collectively "the McGriffs"), by and through undersigned counsel hereby respond to Plaintiff MESA UNDERWRITERS SPECIALITY INSURANCE COMPANY's Complaint as follows:

### PRELIMINARY STATEMENT

1. Admitted for jurisdictional purposes, otherwise without knowledge.

2. Without knowledge and therefore denied.

### JURISDICTION & VENUE

3. Without knowledge and therefore denied.

4. Admitted that The Coves Mountain River Community Association, Inc. f/k/a The Coves at Round Mountain Community Association, Inc. a/k/a The Coves at Round Mountain Property Owners Association, Inc., is domiciled in the State of Florida with its principal

Case 3:18-cv-01468-HES-MCR Document 14 Filed 02/01/19 Page 2 of 7 PageID 137

Mesa Underwriters Specialty Insurance Company v. The Coves Mountain River Community Association, Inc, et al.
Case No. 3:18-CV-1468-J-20MCR
Answer
Page 2

place of business in the State of Florida. Denied as to the remainder of the allegations in Paragraph 4.

5. Denied that Defendant JOHNS-GAMEWELL, LLC (hereinafter "Gamewell") is domiciled in North Carolina and has its principal place of business in North Carolina. Admitted as to the remainder of the allegations in Paragraph 5.

    a. Admitted.

        1) Admitted.

        2) Admitted.

    b. Admitted.

6. Denied that Defendant ESTATES OF NC, LLC (hereinafter "Estates") is domiciled in North Carolina and has its principal place of business in North Carolina. Admitted as to the remainder of the allegations in Paragraph 6.

    a. Admitted.

        1) Admitted.

        2) Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted.

13. Admitted.

Case 3:18-cv-01468-HES-MCR   Document 14   Filed 02/01/19   Page 3 of 7 PageID 138

**Mesa Underwriters Specialty Insurance Company v. The Coves Mountain River Community Association, Inc, et al.**
**Case No. 3:18-CV-1468-J-20MCR**
**Answer**
**Page 3**

14. Admitted that venue is proper in the Middle District of Florida, Jacksonville Division. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

## **GENERAL ALLEGATIONS**

15. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

16. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

17. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

18. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

19. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

20. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

21. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

22. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

23. The Underlying Complaint speaks for itself and allegations inconsistent therewith are denied.

Case 3:18-cv-01468-HES-MCR   Document 14   Filed 02/01/19   Page 4 of 7 PageID 139

Mesa Underwriters Specialty Insurance Company v. The Coves Mountain River Community Association, Inc, et al.
Case No. 3:18-CV-1468-J-20MCR
Answer
Page 4

## THE MESA POLICY

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

### COUNT I – NO COVERAGE FOR COVES ASSOCIATION AND GAMEWELL UNDER THE MESA POLICY BECAUSE THE MESA POLICY LIMITED COVERAGE TO VACANT LAND AND REAL ESTATE DEVELOPMENT PROPERTY

27. The McGriffs re-allege and incorporate herein the responses to Paragraphs 1 through 26, above.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

### COUNT II – NO COVERAGE FOR COVES ASSOCIATION AND GAMEWELL UNDER THE MESA POLICY'S UNSCHEDULED ACTIVITIES AND EVENTS EXCLUSION

33. The McGriffs re-allege and incorporate herein the responses to Paragraphs 1 through 26, above.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

Case 3:18-cv-01468-HES-MCR   Document 14   Filed 02/01/19   Page 5 of 7 PageID 140
Mesa Underwriters Specialty Insurance Company v. The Coves Mountain River Community Association, Inc, et al.
Case No. 3:18-CV-1468-J-20MCR
Answer
Page 5

### COUNT III – NO COVERAGE UNDER THE MESA POLICY FOR ESTATES OF NC, LLC, BECAUSE ESTATES OF NC, LLE FAILS TO QUALIFY AS AN INSURED UNDER THE MESA POLICY

39. The McGriffs re-allege and incorporate herein the responses to Paragraphs 1 through 26, above.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

*The remainder of this page intentionally left blank.*

Case 3:18-cv-01468-HES-MCR   Document 14   Filed 02/01/19   Page 6 of 7 PageID 141

**Mesa Underwriters Specialty Insurance Company v. The Coves Mountain River Community Association, Inc, et al.**
**Case No. 3:18-CV-1468-J-20MCR**
**Answer**
**Page 6**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on ___February 1___, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

**SIEGEL HUGHES & ROSS**

_____
BRENT G. SIEGEL
bsiegel@shrlawfirm.com
Fla. Bar No.: 349208
W. CHARLES HUGHES
chughes@shrlawfirm.com
Fla. Bar No.: 627781
KRISTA L.B. COLLINS
Fla. Bar No.: 826081
4046 Newberry Road
Gainesville, Florida 32607
Secondary Email Addresses:
knorman@shrlawfirm.com
ssiler@shrlawfirm.com
(352) 375-7700 / Fax: (352) 375-1080
Counsel for McGriff Defendants

## SERVICE LIST

**Mesa Underwriters Specialty Insurance Company v.
The Coves Mountain River Community Association, Inc, et al.
Case No.: 3:18-CV-1468-J-20MCR
United States District Court, Middle District of Florida, Jacksonville Division**

**Edward T. Sylvester, Esq**
esylvester@hinshawlaw.com
Ronald L. Kammer
rkammer@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard, Fourth Floor
Coral Gables, Florida 33134-6044
305-358-7747 / Fax: 305-577-1063
Attorneys for Mesa Insurance Co.